UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:

LAMAR DEANTE FLETCHER,

Debtor

GATE TRUCKIN XPRESS, LLC,

Movant/Plaintiff

vs.

LAMAR DEANTE FLETCHER,

Debtor/Defendant

CASE NUMBER 24-62473-jrs
*
ADVERSARY CASE NO. _______

CHAPTER 7 BANKRUPTCY

---

COMPLAINT AGAINST DISCHARGEABILITY
OF DEBT UNDER 11 USC § 523(a)(2)(A) AND 11 USC § 523(a)(4)

COMES NOW Gate Truckin Xpress, LLC, the above-named plaintiff and referred to herein as "Plaintiff," by and through undersigned counsel, and files this Complaint objecting to dischargeability of debt against Defendant Lamar Deante Fletcher ("Defendant"), showing the Court as follows:

1. Defendant filed for relief under Chapter 12 of the Bankruptcy Code on November 22, 2024.

2. This Court has jurisdiction over this case under 28 USC § 1334 (b) and 157 (b), as well as under 28 USC § 523.

3. This adversary proceeding represents a core proceeding under 28 U.S.C.§ 157(b)(2)(I).

4. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff certifies that it does consent to entry of final orders or judgments by the Bankruptcy Court.

5. The venue of this action is proper in this Court.

6. In and around March 2022, Defendant approached Anthony Williams ("Williams"), who is a member and manager of Plaintiff, and solicited Williams to "invest" with Defendant and Fletchers Capital on behalf of Plaintiff.

7. Fletcher represented to Plaintiff through his conversations with Williams that Fletchers Capital was a well-funded investment fund that could guarantee a return on funds provided by Plaintiff.

8. Fletcher represented himself to be an experienced and successful manager of an investment fund.

9. Fletcher promised Plaintiff a return of 5% for any investment that Fletcher made with Fletchers Capital.

10. Williams, acting on behalf of Plaintiff, then entered into discussions with Defendant to discuss potential investment with Defendant and Fletchers Capital by Plaintiff.

11. On March 1, 2022, Plaintiff entered into an initial agreement (the "First Agreement") with Defendant and Fletchers Capital in which Plaintiff agreed to "invest" $25,000 with Defendant.

12. In exchange, under the terms of the First Agreement, Defendant promised to repay Plaintiff $32,000.

13. Both parties performed under the terms of the First Agreement.

14. Later, Defendant approached Williams and solicited additional investment in Fletchers Capital from Plaintiff.

15. At or around July 14, 2022, Defendant met with Plaintiff in Thomasville, Georgia (the "Meeting") to discuss Plaintiff "investing" in Fletchers Capital and re-iterated the representations discussed above.

16. At the Meeting, Defendant re-iterated the representations discussed above, including that Fletchers Capital was a well-funded investment fund that could guarantee a return on funds; that Defendant was an experienced investment manage; and that Plaintiff would see a return of 5% for any investment.

17. Defendant represented that both politicians and celebrities had invested with Fletchers Capital.

18. Based on these representations and the prior representations made by Defendant to Williams, Plaintiff agreed to invest additional funds with Defendant and Fletchers Capital.

19. On August 6, 2022, Plaintiff entered into another written agreement (the "Second Agreement") with Defendant by which Plaintiff agreed to "invest" a $175,000 to Defendant (the "Investment"). A copy of the Second Agreement is attached hereto as Exhibit A.

20. In exchange, Defendant agreed to repay the principal amount – the Investment – plus $40,000 as "interest" for a total of $220,000 (the "Repayment"), which was to be paid to Plaintiff by March 23, 2023. (Exhibit A, Second Agreement, ⁋ 1, 2.)

21. Plaintiff fully performed under the terms of the Second Agreement by providing $175,000 (the Investment) to Defendant.

22. The misrepresentations described herein by Defendant were intentional misrepresentations of fact.

23. Defendant misrepresented the nature and character of Fletchers Capital as a successful and stable investment fund.

24. Defendant misrepresented his experience and qualifications with regard to managing an investment fund and the Investment.

25. Defendant misrepresented that Defendant would repay the principal (the Investment) plus interest owed under the Second Agreement when in fact Defendant had neither the intention nor the capability of performing under the Second Agreement.

26. In short, Defendant never intended to fulfill his obligations under the Second Agreement.

27. Defendant made these false representations with the intent to induce Plaintiff to invest capital with Defendant.

28. Defendant's misrepresentations described herein concerned material information upon which Plaintiff did in fact justifiably rely.

29. Specifically, in reliance on the representations of Defendant, Plaintiff provided Defendant with the Investment.

30. As such, the debt owed by Defendant to Plaintiff was a result of fraud.

31. Plaintiff filed a lawsuit against Defendant in the Superior Court of Thomas County, *Gate Truckin Xpress LLC v. Lamar Deante Fletcher, et. al.*, SUCV2023000435, in which Plaintiff asserted claims for fraud, fraud by concealment, conspiracy to commit fraud by concealment, securities fraud, and conspiracy to commit securities fraud against Defendant.

32. In an effort to resolve the above-referenced lawsuit, Plaintiff and Defendant entered into a settlement agreement which was signed under seal by Defendant on May 16, 2024 (the "Settlement Agreement." A copy of the Settlement Agreement is attached hereto as Exhibit B.

33. Paragraph I of Section 1 of the Settlement Agreement states as follows: "Thus, [Plaintiff has], among other things, committed breach of contract and fraud and [is] jointly and severally liable to [Plaintiff] for damages arising . . . therefrom." (Exhibit A, p. 1.)

34. Accordingly, Defendant has admitted that his actions constitute fraud and that the

debt owed by Defendant to Plaintiff arose from that fraud.

35. In addition, the Settlement Agreement required that Defendant pay Plaintiff a total of $150,000 by December 20, 2024, and Defendant has failed to pay this amount.

36. As of the date of this filing, Defendant owes $135,900 under the terms of the Settlement Agreement.

37. Based on the foregoing, Defendant's actions constitute false representations and actual fraud, and the debt owed to Plaintiff in relation to the Second Agreement and the Settlement Agreement, which is listed as a debt owed by Defendant at p. 10 on the amended list of creditors (Doc. 23), is a non-dischargeable debt under the provisions of 11 USC § 523(a)(2)(A) and 11 USC § 523(a)(4).

38. Plaintiff is entitled to judgment against Defendant declaring that the debt discussed herein is non-dischargeable under 11 USC § 523(a)(2)(A) and 11 USC § 523(a)(4).

WHEREFORE, Plaintiff prays for the following relief:

(a) That the summons in process be issued;

(b) That the Court enter a judgment determining the debt owed Plaintiff is non-dischargeable and that the debt be excepted from discharge of Defendant pursuant to provision of 11 USC § 523(a)(2)(A) and 11 USC § 523(a)(4).

(c) That Plaintiff have such other and further relief as may be equitable and proper.

This 3rd day of March, 2025.

ALEXANDER & VANN, LLP

/s/ *H. Thomas Shaw*_________
H. Thomas Shaw
GA State Bar No. 593166
411 Gordon Avenue

Thomasville, Georgia 31792
(229) 226-2565
tshaw@alexandervann.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2025, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system and electronically served as parties of record via the CM/ECF system. I have also served Debtor and Debtor's counsel via First Class United States Mail, postage prepaid, as required in Bankruptcy Rule 7004.

ALEXANDER & VANN, LLP

/s *H. Thomas Shaw*____________
H. Thomas Shaw
GA State Bar No. 593166
Attorney for Plaintiff

411 Gordon Avenue
Thomasville, Georgia 31792
(229) 226-2565
tshaw@alexandervann.com